# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

THERESA L. WASHINGTON,                   :

      Plaintiff,                   :          Case No.  3:15cv00441

vs.                                      :          District Judge Walter Herbert Rice
                                                    Chief Magistrate Judge Sharon L. Ovington

ELMER R. MARCHBANKS, JR.,                :
 et al.,
                                         :

      Defendants.

---

## REPORT AND RECOMMENDATIONS[1]

---

## I.    Introduction

Plaintiff Theresa L. Washington bring this case pro se against defendants Elmer R. Marchbanks, Jr., her former husband, and Tony Communale, her former husband's attorney.  She alleges that defendants clearly violated her rights to due process and equal protection under the Fourteenth Amendment to the Constitution.  This occurred, she states, due to her ex-husband's violations of their divorce decree when he lied under oath.  She also alleges that her ex-husband has deceived and manipulated the courts by filing multiple and endless bankruptcy actions, and she maintains that he has not paid any of his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

obligations and has stolen and abused her identity.

By way of remedy, Plaintiff seeks an Order imposing on her ex-husband "a sentence of indefinite confinement for being in contempt of our Court Order per our divorce decree." (Doc. #2, *PageID* #21).  She also states that her ex-husband's "contempt of the Court Order..., may result in additional fines and/or result in jail sentence.  Of a civil contempt charges [sic] and by proof beyond a reasonable doubt as to possible criminal contempt charges of denying and blocking me from any housing, property and so on." *Id*.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for an initial review to determine whether his complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).  "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'"  *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).  A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923.  A complaint lacks arguable facts when its allegations are "fantastic or delusional."  *Brand,* 526 F.3d at 923

(quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

Initial review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. Discussion

Construing Plaintiff's pro se Complaint liberally in her favor, she raises her constitutional claims by way of 42 U.S.C. §1983. "There are two elements to a §1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy Clay v. City of Memphis, Tenn*., 695 F.3d 531, 539, 96 (6th Cir. 2012). Plaintiff's Complaint falls short on the first element. It does not allege sufficient facts to create a reasonable inference that her ex-husband or his attorney acted under the color of state law. Instead, the Complaint depicts her ex-husband and his attorney as private, non-state actors. "A plaintiff may not proceed under §1983 against a

3

private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting, in part, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted)); *see West v. Atkins*, 487 U.S. 42, 49 (1988) ("acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks omitted)).

In certain limited circumstances, a private person may act under the color of state law. This occurs when "he is a willful participant in joint activity with the State or its agents." *Tahfs v. Proctor*, 316 F.3d at 590 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Accepting Plaintiff's allegations as true, her ex-husband's actions are contrary to their divorce decree and contrary to court order. Neither action, however, reveals that her ex-husband acted jointly with an Ohio official or agent, and no other allegation in the Complaint hints at such joint-state activity. It seems quite the opposite. By violating a court order and their divorce decree, her ex-husband is potentially flaunting state law rather than clothing himself in joint-state activity.

There is likewise no indication that Plaintiff's ex-husband's attorney acted under the color of state law. If he was privately retained by her ex-husband, his legal representation of her ex-husband has no connection to joint-state activity. Even if a state court appointed her ex-husband's attorney, his legal representation was not performed under the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318-20 (1981).

4

Lastly, to the extent Plaintiff's Complaint arises out of her ex-husband's alleged violations of their divorce decree, it presents claims over which this Court lacks jurisdiction. *See McLaughlin v. Cotner*, 193 F.3d 410, 413-15 (6th Cir. 1999) (and cases discussed therein).

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. §1915(e)(2);

2.    The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and

3.    The case be terminated on the docket of this Court.


February 26, 2016


 s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

6